Reid *vs.* Owen, Martin et al.

REID *vs.* OWEN, MARTIN et al.

1. Where the proceedings below are so informal and irregular, that the jurisdiction of the court cannot attach, the writ of error will be dismissed.

Error to the County court of Dallas.

Proceedings in admiralty.

This is the same case which was before this court at its last term, when the writ of error was dismissed, because the plaintiff in error did not appear to have been a party to the judgment in the County court. After the dismissal of that writ, the plaintiff in error filed his petition in the County court, accompanied by an affidavit of his claim, praying to be admitted as a party to this suit. The judge of the County court, at a special term, held on the nineteenth of February, eighteen hundred and thirty-nine, on this petition, ordered that the plaintiff in error should be made a party to the proceedings of

record, and should be considered as legally intervening for his interest in the steam-boat. No other proceedings were had on this petition, and Reid again sued out his writ of error.

*Stewart*, for plaintiff in error.

GOLDTHWAITE, J.—These proceedings are not in conformity with the opinion expressed, when this suit was formerly before this court. If it was necessary, to protect any supposed right of the plaintiff in error, for him to become a party to this suit, he should have filed his petition to the County court in *term time*, setting forth the nature of his claim, and shewing satisfactory reasons why it was not interposed previous to the decree. Notice should have been given to the adverse parties, or their proctors in court, in order that the claim might be contested. If the reasons for the delay were satisfactory, then the claim should have been admitted, on the payment of all costs incurred, and giving security for those which might subsequently arise, if the claim should not be sustained. The suit would then have assumed the character of a *litis contestatio*, and the facts of the libel could have been avoided or denied, or their legal sufficiency to warrant a decree examined into. In effect, the suit would then have stood precisely as if the claim had been interposed in the first instance, and no decree for default had been rendered, and after a final decree, either of the contesting parties could have examined it on writ of error or appeal.

This course was sufficiently indicated in our former

Reid *vs.* Owen, Martin et al.

opinion, and was shewn to be the established course of proceeding, in admiralty cases. The fact of there being several distinct and independent decrees, in the present case, was also adverted to, and the writ of error seeking to remove them, would have been dismissed for that cause, as by the decree, the interests of the libellants became severed, and should have been appealed from, as several decrees.

The proceedings are so informal and irregular, that the jurisdiction of this court cannot attach, for the want of a proper party, and the writ of error must be dismissed.